Smith, J.
O’Rourke was tried in the Police Court of Cincinnati on an information charging that on the 8th day of September,. 1891, he, being the owner of a vehicle, viz., a four-horse wagon, then and there being used upon the streets of said city, unlawfully so used the said vehicle without having first obtained a license from the city auditor so to do — said city of Cincinnati being a city of the first grade of the first class. The defendant was found guilty by the court, and a motion for a new trial, on the ground that the finding was against the law and the evidence was overruled by the court, and the defendant sentenced to pay a fine of $50.00 and costs. A bill of exceptions was thereupon signed by the court, containing all of the evidence offered on the trial, and that judgment was affirmed *613 by the court of common pleas. By this proceeding in error, • it is sought to reverse both judgments.
The undisputed evidence shows that on the day named, the defendant was arrested by a policeman while driving and in charge of a four horse team or brick wagon on one of the streets of the city. The policeman testified that he asked him for his license, and he says that the defendant had none, nor had the owner of the team taken out a license. It was further shown, without dispute, that the defendant did not own' the wagon or the horses. That he was simply a driver, and had no interest whatever, either in the business or in the ownership of the horses. There was no evidence whatever as to who was the owne of the wagon or of the horses, or whether such owner had or had not paid a license fee for the wagon, and there was no legal or satisfactory evidence on the point whether the owner or the defendant had taken out a license therefor. It is true the policeman said he had not, but this was not the way to prove it.
But the question argued to us is, whether conceding proper proof were made on other points, and the offense is properly charged, a mere driver, of a wagon, for which license should be paid, but which has not been, is guilty under the statute, and we state our views as to this :
The first section of the act, known as the “ Russell Law,” section 2672, (1), Revised Statutes, provides : “ That in cities of the first grade of the first class, no person shall be engaged in any trade, or profession hereinafter mentioned, until he or she shall have obtained a license therefor, as hereinafter provided.” And section 2672-2 provides that: “Any person who shall violate any of the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished,” etc.
The seetion upon which this prosecution must be based, for it is the only one which applies to it, is 2672-29, which provides that, “ the ownersof all vehicles used upon the streets of the city, shall pay annual license fees as follows,” and among *614 others, the owner was to pay for each four-horse wagon used for hauling engines, stones, brick, or other heavy articles named $25.00, and for a four horse wagon not so used, $20.00. The information does not allege which kind of a wagon this was.
It will be seen that the'act or failure thus made criminal, is not the use of such a wagon upon the streets of the city, for which wagon no license to use it has been obtained, or for a person to drive such a wagon upon the streets, but it is the failure or neglect of the owner thereof, to pay the stipulated license fee therefor, if he does use it upon the streets of the city. The information in this case therefore, charged no offense known to the law, and for this reason the prosecution must fail. But if the information had properly charged the defendant with being the owner of this wagon, used upon the streets of the city, and that he had failed to pay the license fee therefor as required by law, yet under the proof in the case, the same result would follow, for the reason that there was no evidence whatever to support the essential averment that the defendant was the owner of the wagon, or had any interest therein, or was bound to paj^ a license fee therefor.
We do not mean to be understood as holding, that to make a person who uses a wagon of this kind on the streets of the city, without paying the license fee therefor, liable to do so, or on failure to be prosecuted therefor, that he must be the absolute owner thereof. But he must have a special interest or ownership therein, and not be the mere agent of the real owner. The possession of the agent or driver is the possession of the principal. For all that appears in the case, this may have been the only time the defendant drove this wagon, and the real owner may have been with him and the wagon at the time. Could it be claimed for a moment that the defendant was liable under this statute, if he was driving the team when arrested, and the owner had also been there V As has been said, it is not the use of the wagon on the streets, but the failure by the owner to pay the license fee therefor, which is made criminal.
Edwards Ritehie, for plaintiff-in error.
F. Hertensteiv, Prosecuting Attorney Police Court, aud 1. H. Kelley, for defendant in error.
It is argued by the counsel for the city, that this construction of the statute will so operate as that persons who reside out of the city, and who are the owners of vehicles used upon the streets of the city, for which it is claimed that thye are bound to pay license fees, may escape such payment and all liability on account of such non-payment, by simply putting the vehicle when used, in the custody of a mere agent, who wduld not be liable to prosecution therefor, or the vehicle be subject to seizure. But conceding this to be so, it is no reason why a person who has violated no criminal law, shall be punished as if he had. But if the city has not the right to collect such license fees in a civil action, as to which we express no opinion, we think it entirely'clear that a person who does violate this statute of the state, is liable to punishment therefor, and may be indicted and arrested, tried and convicted, though he himself may never have driven his wagon upon the streets of the city. Of course, the statute might provide that a mere driver, or other agent, so using a vehicle upon the streets, no license fee having been paid therefor, should be criminally liable, or that the vehicle itself might be seized for the license fee; but it has not done so.
It follows, therefore, that the judgments of the court of common pleas, and of the police court, must be reversed, with costs, and the case remanded to the police court to be dismissed as against the defendant.